**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

VINCENT MINEO,

Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.
--------------------------------------------------------------------X

**MEMORANDUM AND OPINION**
25-CV-5834(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this diversity, breach of contract and New York General Business Law action is Defendant State Farm Fire and Casualty Company's ("Defendant" or "State Farm") motion for partial dismissal of Plaintiff Vincent Mineo's ("Plaintiff" or "Mineo") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [16]. State Farm also seeks to strike Plaintiff's demand for attorneys' fees. *Id.* Mineo opposes the motion. *See* DE [16-4]. For the reasons set forth herein, Defendant's motion is granted.

## I. BACKGROUND

### A. Factual Background

Mineo is a resident of Nassau County, New York. *See* Verified Complaint ("Compl."), DE [1-2], ¶ 1. State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and is authorized to provide homeowner's insurance in New York. *Id.* at ¶¶ 2-3. At all relevant times, State Farm insured Mineo's property located at 108 North 3rd Street, New Hyde Park, New York (the

"Property") under Policy Number 56EHK8645 (the "Policy"). *Id.* at ¶¶ 4-5. Mineo alleges that the Policy insured the Property and its contents against, among other things, water damage caused by an accidental discharge from the plumbing system. *Id.* at ¶¶ 5-6. The Policy does not, however, insure damage directly and immediately caused by "freezing of a plumbing, heating, air conditioning, or automatic fire protective springlike system or of a household appliance; or discharge, leakage, or overflow from within the system or appliance caused by freezing." Policy § 1(b).

On or about January 14, 2025, an accidental discharge from the Property's plumbing system allegedly caused water damage to the Property (the "Loss"). *See* Compl. ¶¶ 4, 7-8. Mineo notified State Farm, and State Farm opened Claim Number 32-79J0-01H (the "Claim"). *Id.* at ¶ 9. Plaintiff alleges that he cooperated with State Farm's investigation and satisfied his obligations arising under the Policy. *Id.* at ¶¶ 10-11. In a June 9, 2025 letter (the "Denial Letter"), State Farm denied coverage for damages related to the Loss. *Id.* at ¶ 16. In the Denial Letter, State Farm wrote that the Loss "resulted from a freeze to the radiator," that the freeze "occurred due to a failure to maintain heat at or above 55 degrees," and that "damage resulting from this type of event is specifically excluded" under the Policy. *See Mineo v. State Farm Ins. Co.*, Case No. 620116/2025 (Nassau Cnty. Sept. 2025), Docket No. 2.

Mineo alleges that the Loss resulted from an accidental discharge rather than a freeze, and is therefore covered. *See* Compl. ¶¶ 7-8, 18. Plaintiff further asserts that he used reasonable care to maintain appropriate heat at all times, had no shortage of heating fuel or power, received automatic oil deliveries, arranged for

others to check the Property while he was away, and maintained the Property above fifty-five degrees in a manner consistent with that of a reasonably prudent homeowner. *Id.* at ¶ 18. Mineo claims that the denial of coverage for the Loss is factually unsupported, reckless, and made in bad faith without consideration of the cause of the Loss or ambiguities in the Policy. *Id.* at ¶¶ 17, 19-20.

According to Plaintiff, State Farm's handling of the Claim was part of a broader claims practice, and that from the outset of a claim, State Farm seeks any conceivable basis to deny coverage, sells policies and later adopts new interpretations to deny or reduce legitimate claims, and regularly issues denials on grounds contrary to the facts and causation. *Id.* at ¶¶ 24-26. Relevant here, Mineo claims that State Farm intentionally leaves the phrase "reasonable care to maintain heat" undefined in the exception to its "freeze peril exclusion" and then applies an interpretation inconsistent with the understanding of a reasonable insured after a loss occurs. *Id.* at ¶¶ 43-48. Plaintiff asserts that State Farm uses that language as a "moving target" across similar policies and claims to create the appearance of a legitimate basis for denial. *Id.* at ¶¶ 47, 49-53.

Based on these allegations, Mineo alleges three causes of action. Initially, he alleges that State Farm breached the Policy by failing to pay the Claim and seeks contractual damages. *Id.* at ¶¶ 29-34. Next, he seeks a declaration that State Farm must perform its obligations arising under the Policy, including paying for damages sustained as a result of the Loss, participating in an appraisal if demanded, and paying recoverable depreciation after repair or replacement of damaged property. *Id.*

at ¶¶ 35-39. Finally, Mineo asserts that State Farm's alleged use and application of undefined policy language constitutes a deceptive practice in violation of N.Y. Gen Bus. Law § 349 ("Section 349"). *Id.* at ¶¶ 40-55.

### B. <u>Procedural Background</u>

Mineo commenced this action in the Supreme Court of the State of New York, Nassau County, on September 18, 2025. *See* DE [1-2]. State Farm removed this case to this Court on October 17, 2025, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* DE [1]. On October 27, 2025, after the parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), the case was reassigned to this Court for all purposes. *See* DE [10].

On January 9, 2026, State Farm filed the instant fully briefed motion to dismiss Plaintiff's causes of action seeking declaratory relief and for violation of Section 349 pursuant to Fed. R. Civ. P. 12(b)(6). *See* DE [16]. Defendant does not seek dismissal of Plaintiff's cause of action for breach of contract. *Id.*; *see* Declaration of Lauren Gindele, DE [16-1], ¶ 2. State Farm also moves to strike Mineo's demand for attorneys' fees. *See* Defendant's Memorandum of Law in Support of Partial Motion to Dismiss ("Def.'s Mem."), DE [16-3], at 1.[1] Mineo opposes the motion. *See generally* Plaintiff's Memorandum of Law in Opposition ("Pl.'s Opp'n"), DE [16-4]. At

---

[1] Although Plaintiff's Prayer for Relief includes a demand for costs, Defendant does move to strike the demand for costs, *see* DE [16], and Fed. R. Civ. P. 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (recognizing that Fed. R. Civ. P. 54(d)(1) permits an award of costs to the prevailing party and that the decision whether to award such costs "rests within the sound discretion of the district court") (internal quotation omitted). Accordingly, the Court's analysis is limited to the availability of attorneys' fees.

a January 20, 2026 status conference, the parties consented to stay discovery pending resolution of the instant motion. *See* DE [19].

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). Nor is a pleading sufficient if it merely tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in the nonmoving party's favor. *See U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013). The Court may not, however, credit legal conclusions, "threadbare recitals of the elements of a cause of action," or speculation. *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("[T]hough we are obligated to draw the most favorable inferences that

[the plaintiff's] complaint supports, we cannot invent factual allegations that he has not pled.").

## III. DISCUSSION

State Farm moves to dismiss Mineo's Section 349 and declaratory relief claims and to strike his demand for attorneys' fees. *See generally* Def.'s Mem. Defendant does not challenge Plaintiff's breach of contract claim. *See* DE [16]. For the reasons set forth herein, State Farm's motion is granted.

### A. New York General Business Law § 349

Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). To state a claim under Section 349, a plaintiff must plausibly allege that the defendant engaged in "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (internal quotation marks and citation omitted); *see Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895 (2000) (describing Section 349 standard). A Section 349 cause of action is not subject to Fed. R. Civ. P. 9(b)'s particularity requirement and need satisfy only Fed. R. Civ. P. 8(a). *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (holding that a Section 349 claim "need only meet the bare-bones notification-pleading requirements of Rule 8(a)"). Nevertheless, Fed. R. Civ. P. 8 requires factual allegations sufficient to make each element plausible. *See Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. The consumer-

oriented element of a Section 349 claim requires conduct having "a broader impact on consumers at large," although the challenged practice need only potentially affect similarly situated consumers. *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290 (1995); *see Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995) ("[A]s a threshold matter, plaintiffs claiming the benefit of section 349 . . . must charge conduct of the defendant that is consumer oriented.").

State Farm asserts that this action concerns only one homeowner, policy, loss, and claim investigation, and that Mineo's allegations of a broader "pattern and practice" of consumer deception are conclusory. Def.'s Mem. at 6-9. Mineo counters that State Farm uses the same undefined "reasonable care" language in its standard policies and applies the same alleged "moving target" to similarly situated insureds as himself. Pl.'s Opp'n at 7-9; Compl. ¶¶ 49-53. The Court agrees with State Farm. The Policy's use of "reasonable care" without an exhaustive definition does not, by itself, communicate something false or conceal a discrete fact to consumers. Rather, the Denial Letter states that State Farm concluded that Plaintiffs radiator froze because Mineo failed to maintain heat at or above fifty-five degrees, while Mineo alleges that he maintained that temperature and otherwise acted reasonably. Compl. ¶ 18. That disagreement bears on whether State Farm breached the Policy, but does not adequately allege deceptive consumer-based conduct. *See Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 438-39 (S.D.N.Y. 2004) (dismissing Section 349 claim where the allegations suggested "nothing more than a dispute

between private parties . . . ."); *see also Timber Hill Enters. v. Alta Equip. Co.*, No. 26-CV-2(AJB)(DJS), 2026 WL 1346622, at *5 (N.D.N.Y. May 14, 2026) (dismissing Section 349 claim where "the damages plaintiff [sought were] recoverable, if at all, under its contract and warranty theories and do not constitute a distinct, deception-based injury under § 349"); *USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 346 F. Supp. 2d 468 (S.D.N.Y. 2004) (dismissing Section 349 claims that were "conclusory" and did "not include, with any specificity, the acts that form[ed] the basis of [the plaintiff's] claims"); *DePasquale v. Allstate Ins. Co.*, 179 F. Supp. 2d 51, 62 (E.D.N.Y. 2002) (dismissing Section 349 claim where it was "no more than a private contractual dispute concerning the scope of coverage" pursuant to an insurance policy).

Here, Mineo's alleged injuries – including unpaid Policy benefits, inability to make repairs, alternative financing, loss of use and enjoyment, lost opportunities, and diminution or stigmatization of the Property – all flow from State Farm's refusal to provide coverage for the Loss and alleged breach of contract. *See* Compl. ¶¶ 34, 54. As the relief Mineo seeks is duplicative of his breach of contract claim, his claim arising under Section 349 fails. *See Spagnuola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) ("Although a monetary loss is a sufficient injury to satisfy the requirement under § 349, the loss must be independent of the loss caused by the alleged breach of contract); *Timber Hill Enters.*, 2026 WL 1346622, at *5.

The authorities upon which Mineo relies do not compel a different conclusion. To the contrary, *McAleavey v. Chautauqua Patrons Ins. Co.*, 195 A.D.3d 1551, 1551-52, 145 N.Y.S.3d 575, 576-77 (4th Dep't 2021), and *Zimmerman v. Leatherstocking*

*Coop. Ins. Co.*, 226 A.D.3d 1239, 1240, 210 N.Y.S.3d 316, 318 (3d Dep't 2024), reached different conclusions concerning "reasonable care" language in the policies and circumstances before them, but neither held that use of the phrase is deceptive under Section 349. Even assuming the provision is ambiguous, that presents an issue of contract interpretation, which may be litigated through the surviving breach-of-contract claim. Likewise, *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 164-67, 893 N.Y.S.2d 208, 215-18 (2d Dep't 2010), is distinguishable because it involved an alleged practice of intentionally delaying a coverage determination while requiring insureds to incur litigation costs to preserve the insurer's subrogation rights.

Because Plaintiff fails to allege a materially deceptive practice separate from State Farm's alleged failure to perform under the Policy or a distinct injury caused by such a practice, his Section 349 claim fails as alleged. Accordingly, State Farm's motion to dismiss the third cause of action is granted.

### B. Declaratory Relief

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In adjudicating claims for declaratory relief, courts generally consider whether a judgment would clarify or settle the legal issues and whether it would finalize the controversy and offer relief from uncertainty. *See Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359-60 (2d Cir. 2003) (observing that courts in the Second Circuit consider "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and , , , whether a judgment would

finalize the controversy and offer relief from uncertainty") (internal citation omitted). A claim for declaratory relief should be dismissed where another cause of action will necessarily resolve the same rights and provide complete relief. *See EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co.*, 309 F. Supp. 3d 89, 100 (S.D.N.Y. 2018) ("Plaintiffs' contract claims will necessarily settle the issues for which the declaratory judgment is sought, meaning that the DJA claim, will serve no useful purpose and will not serve to offer relief from uncertainty.") (internal quotations omitted); *Campione v. Campione*, 942 F. Supp. 2d 279, 285 (E.D.N.Y. 2013) (dismissing claim for declaratory relief where the relief the plaintiff sought could "be accomplished through her other claim").

In his first cause of action, Mineo asserts that State Farm breached the Policy by not providing coverage for the Loss. *See* Compl. ¶¶ 29-34. Plaintiff's claim for declaratory relief seeks substantially similar relief, again asserting that State Farm is required to adhere to the Policy. *Id.* at ¶¶ 35-39. A determination of the breach of contract claim will necessarily resolve whether the Policy covers the Loss, whether State Farm's denial was wrongful, and what contractual benefits are presently due. Accordingly, a separate declaration that State Farm must comply with the Policy would add no practical relief. *See Webber Com. Props., LLC v. Mt. Hawley Ins. Co.*, No. 24-CV-6834(HG)(TAM), 2025 WL 3501635, at *4 (E.D.N.Y. Dec. 7, 2025) (holding that a declaration of an insurer's obligations related to a weather-related loss would be "redundant" and "duplicative" of a breach of contract claim "because ]the plaintiff's] breach of contract claim already requires the Court to determine whether

Insurers have fully covered the loss"); *Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14-CV-7483(MKB), 2017 WL 3432073, at *17 (E.D.N.Y. Aug. 8, 2017) (observing that courts in this Circuit routinely dismiss declaratory judgment claims where the parties' rights will be adjudicated through a breach of contract claim in the same action). As a result, Plaintiff's cause of action seeking declaratory relief is duplicative of his breach of contract claim and is therefore dismissed.

**C. <u>Attorneys' Fees</u>**

Mineo's demand for attorneys' fees is expressly based on Section 349. *See* Compl. ¶ 55; Pl.'s Opp'n at 15. Section 349(h) permits a court, in its discretion, to award reasonable attorneys' fees to a prevailing plaintiff. N.Y. Gen. Bus. Law § 349(h). State Farm argues that the fee demand must be dismissed with the statutory claim. Def.'s Mem. at 12; Def.'s Reply at 7-8. The Court agrees.

Because the Section 349 claim is dismissed, Mineo cannot recover attorneys' fees under that statute. *See Lajqi v. State Farm Fire & Cas. Co.*, No. 25-CV-2863(JPC), 2026 WL 453585, at *9 (S.D.N.Y. Feb. 18, 2026) (holding that attorneys' fees were not available upon dismissal of Section 349 claim). Nor does Plaintiff identify a contractual provision or other statute authorizing fees on the surviving breach of contract claim. *See Globecon Grp., LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 177 (2d Cir. 2006) (affirming dismissal of an insured's fee demand because an insured generally may not recover expenses incurred in an affirmative action to establish rights under an insurance policy); *Lajqi*, 2026 WL 453585, at *9 ("Because Plaintiff fails to state a claim under Section 349, he cannot recover attorneys' fees.");

*A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5, 511 N.Y.S.2d 216, 218 (1986) (holding that attorneys' fees are not recoverable from an opposing party unless authorized by agreement, statute, or court rule). Accordingly, State Farm's motion to strike Plaintiff's demand for attorneys' fees is granted.

**D. Leave to Amend**

Mineo, who is represented by counsel, does not request leave to amend the Complaint or identify additional allegations that would cure the deficiencies addressed above. *See generally* Pl.'s Opp'n. The Court therefore declines to *sua sponte* grant leave to amend. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made."); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (holding that a counseled plaintiff is not necessarily entitled to replead where counsel does not explain how the defects can be cured). Accordingly, Plaintiff's claims arising under Section 349 and for declaratory relief, as week his demand for attorneys' fees, are dismissed with prejudice. *See Nano Dimension Ltd. v. Murchinson Ltd.*, 102 F.4th 136, 143 n.8 (2d Cir. 2024) (affirming dismissal with prejudice where the plaintiff did not request leave to replead or explain how additional allegations could cure the pleading deficiencies); *Cybercreek Ent., LLC v. U.S. Underwriters Ins. Co.*, 696 F. App'x 554, 555 (2d Cir. 2017) (holding that a counseled plaintiff's failure to request leave to amend supported dismissal with prejudice).

## IV. CONCLUSION

For the reasons set forth herein, State Farm's partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), DE [16], is granted. Mineo's Second and Third causes of action, as well as his demand for attorneys' fees, are dismissed with prejudice. State Farm shall answer the remaining cause of action by October 1, 2026. The stay of discovery, *see* DE [19], is lifted. By September 15, 2026, the parties shall submit a joint letter providing three mutually acceptable dates for a status conference.

Dated: Central Islip, New York
September 9, 2026

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge